POLSINELLI PC
Jason A. Nagi
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
jnagi@polsinelli.com

*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MPOWERD, INC., a New York corporation,<br><br>Petitioners,<br><br>-against-<br><br>DAVID JOSEPH BUNEVACZ, an individual,<br><br>Respondent. | Case No.   16-cv-4207 |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
MOTION TO CONFIRM THE ARBITRATION AWARD**

i

**TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ................................................................................................ 1

II. ARGUMENT:  THE ARBITRATION AWARD SHOULD BE CONFIRMED ............... 3

III. ATTORNEYS' FEES AND COSTS .................................................................................... 5

IV. CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Au Bon Pain Corp. v. Artect, Inc.*,
   653 F.2d 61 (2d Cir. 1981)..............................................................................................4

*Custodio v. American Chain Link & Const., Inc.*,
   No. 08-cv-7148(GBD)(HBP), 2014 WL 116147 (S.D.N.Y. Jan. 13, 2014).............5

*D.H. Blair & Co., Inc. v. Gottdiener*,
   462 F.3d 95 (2d Cir. 2006)...............................................................................................3

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
   552 U.S. 588 (2008).........................................................................................................4

*Hardy v. Walsh Manning Sec., L.L.C.*,
   341 F.3d 126 (2d Cir. 2003)............................................................................................4

*Matter of Johnson (Summit Equities, Inc.)*,
   864 N.Y.S.2d 873 (Sup. Ct. 2008).................................................................................4

*Matter of New York State Correctional Officers & Police Benevolent Assn. v. State of New York*,
   94 N.Y.2d 321 (N.Y. 1999)............................................................................................4

*Sprinzen v. Nomberg*,
   46 N.Y.2d 623 (N.Y. 1979)............................................................................................4

*Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*,
   373 F.3d 241 (2d Cir., 2004)..........................................................................................3

*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*,
   103 F.3d 9 (2d Cir. 1997)................................................................................................4

**Statutes**

9 U.S.C. § 9............................................................................................................................4

**Other Authorities**

Federal Rule of Civil Procedure 55 ....................................................................................3

Petitioner MPOWERD respectfully submits this memorandum of law in support of its Motion to Confirm the Arbitration Award.

## FACTUAL BACKGROUND

1. On January 6, 2014, Petitioner filed a claim with the AAA International Center for Dispute Resolution against Respondent. (Nagi Decl., ¶ 4).

2. Petitioner claimed that Respondent breached the Production Contractor Agreement ("**Agreement**") by failing to pay the factory and refusing to refund the monies that Respondent was required to pay Petitioner, failing to keep certain proprietary information confidential, and using such confidential information to develop and manufacture a competing product of the Petitioner. (*Id.* at ¶ 5).

3. On February 6, 2014, Respondent answered the statement of claim and filed an objection to the demand for arbitration. Discovery and prehearing briefs were submitted. (*Id.* at ¶ 6).

4. On September 30, 2014, and October 2, 2015, the parties conducted a two-day arbitration in New York and on October 7, 2015, the parties conducted a one-day arbitration in Los Angeles. The parties submitted post-hearing briefs and reply briefs. (*Id.* at ¶ 7).

5. The hearing was officially closed as of April 4, 2016. (*Id.* at ¶ 8).

6. On May 17, 2016, Arbitrator Pfeffer, sitting by the parties' agreement as the sole arbitrator, entered an award in favor of Petitioner as follows:

    a. $429,498.00 with simple interest at the New York statutory rate of 9% per annum accruing on any portion of that sum unpaid as of February 21, 2016;

    b. $17,479.00 as attorneys' fees and expenses at the New York statutory rate of 9% per annum accruing on any portion of that sum unpaid as of June 2,

1

                    2016, which was the tenth day following transmission of the final Award to the Parties;

    c.     $286,817.00 as reasonable costs incurred by Petitioner in defending the California action with simple interest at the New York statutory rate of 9% per annum accruing on any portion of that sum unpaid as of June 2, 2015, which was the tenth day following transmission of the final Award to the Parties;

    d.     $90,438.00 for reasonable attorneys' fees with simple interest at the New York statutory rate of 9% per annum accruing on any portion of that sum unpaid as of June 2, 2016, which was the tenth day following transmission of the final Award to the Parties;

    e.     $53,117.47 for administrative fees, expenses and compensation of the International Center for Dispute Resolution and the Arbitrator previously incurred by Petitioner accruing at the rate of 9% per annum as of May 17, 2016; and

    f.     Respondent is responsible for paying the International Centre for Dispute Resolution, totaling $17,600.00, and the compensation and expenses of the Arbitrator, totaling $50,508.94.

(*Id.* at ¶ 9).

7. Respondent has not requested that the AAA correct the Award. (*Id.* at ¶ 10).

8. The Award represents a complete and final determination of all claims submitted by MPOWERD to the arbitration. (*Id.* at ¶ 11).

9. The Award has not been vacated or modified since it was issued. (*Id.* at ¶ 12).

10.  To date, Respondent has not complied with the Award and has failed and refused to pay the total amount of $877,349.47, which it was ordered to pay, plus interest accruing at 9% per annum as specified in the Award.  (*Id.* at ¶ 13).

11.  On June 6, 2016, Petitioner filed a Petition to Confirm Arbitration Award in this Court.  (Nagi Decl. at ¶ 14; Doc. No. 1).

12.  A copy of the summons and Petition were properly served on Respondent on June 14, 2016, and proof of service by the Process server was filed on June 21, 2016. (*Id.* at ¶ 16; Doc. # 7).

13.  On July 5, 2016, the parties stipulated and agreed that the time for Respondent to move, answer, or otherwise respond to the Petition to be extended two weeks to and including July 20, 2016.

14.  As of this memo, Respondent still has not answered the Petition or otherwise defended, and the Clerk of the Court certified Respondent's default on August 4, 2016 [Dkt. #10] (*Id.* at ¶ 19).

## ARGUMENT

## THE ARBITRATION AWARD SHOULD BE CONFIRMED

"Rule 55(a) provides that '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.'  Rule 55 'tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) (citing *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir., 2004) ("Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation.  And it tracks the ancient common law axiom that a default is

3

an admission of all well-pleaded allegations against the defaulting party")); *see also*, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir. 1981) ("at the inquest, the court should have accepted as true all of the factual allegations of the complaint, except those relating to damages").

The Federal Arbitration Act ("**FAA**") allows a party to bring an action to obtain a judgment to confirm an award issued by an arbitration panel.  *See* 9 U.S.C. § 9.  Both Federal and New York law grant arbitrators broad authority to resolve disputes and severely limit the authority of the courts to modify or vacate arbitration awards. *Matter of Johnson (Summit Equities, Inc.)*, 864 N.Y.S.2d 873, 888 (Sup. Ct. 2008) (*citing Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 588 (2008)). "[A]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Hardy v. Walsh Manning Sec., L.L.C.*, 341 F.3d 126, 129 (2d Cir. 2003) (*quoting Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). A court is bound by an arbitrator's factual findings and "cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one." *Matter of New York State Correctional Officers & Police Benevolent Assn. v. State of New York*, 94 N.Y.2d 321, 326 (N.Y. 1999) (*citing Sprinzen v. Nomberg*, 46 N.Y.2d 623 (N.Y. 1979)).

Here, Arbitrator Pfeffer, having considered the Petitioner's papers and submissions presented before the hearing, the evidence presented during the three-day evidentiary hearing, and the extensive post-hearing briefs determined that Respondent was liable to Petitioner and issued the Award in Petitioner's favor.  Accordingly, Plaintiff's Motion to Confirm the Arbitration Award should be granted.

## **ATTORNEYS' FEES AND COSTS ARE APPROPRIATE**

Pursuant to Section 10.1 of the Agreement, Respondent agreed to pay for reasonable outside attorneys' fees and litigation expenses arising from or related to any breach of the Agreement. (Nagi Decl. ¶ 23).  Plaintiff seeks to recover attorneys' fees of $10,423.00 and costs of $545.43. (*Id.* at ¶ 24).  Based on the factors set forth in DR 2-106 of the American Bar Association's Model Code of Professional Responsibility, the legal fees incurred in this matter are reasonable.  (*Id.* at ¶ 25).

The first factor considers the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly.  Here, the time and labor required to prosecute this action is a direct result of Respondent's failure to pay the amounts due and owing pursuant to the Award.  (*Id.* at ¶ 26).  The legal fees and costs Plaintiff seeks to recover in this matter relates to time Plaintiff's counsel spent prosecuting this matter, drafting the Petition, service of process on Respondent, and drafting the Motion for Confirmation of Arbitration Award.  (*Id.* at ¶ 27).

The second factor is the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.  Here, Polsinelli anticipated that its time would be committed to this matter.  Due to the time commitment on this matter, it became apparent to Plaintiff that in order to be fully focused on this action, Polsinelli was likely precluded from other employment when it accepted this case.  (*Id.* at ¶ 28).

The third factor is the fee customarily charged at the locality for similar legal services.  The rate charged in this matter is competitive for attorneys in New York City handling similar matters and quite favorable.  (*Id.* at ¶ 29).  The attorneys on this matter have billed at a blended rate of $343.00.  (*Id.*)  The courts in the Southern District of New York have allowed, as of 2014, attorney's fees in the range of $350 an hour.  *See Custodio v. American Chain Link & Const.,*

*Inc.*, No. 08-cv-7148(GBD)(HBP), 2014 WL 116147 (S.D.N.Y. Jan. 13, 2014) (finding proper the magistrate's determination that a rate of $350 is "consistent with the prevailing rates in the district, and therefore, reasonable").

The paralegals working on this matter have billed at a blended rate of $187.00. (Nagi Decl., ¶ 30). The rate of $187.00 an hour for paralegals of this caliber is consistent with the regional rates charged by paralegals in the Northeast. (*Id.*) As set forth in 2013 National Association of Legal Assistants, attached to the Nagi Decl. as Exhibit C, based on data collected in the 4th Quarter of 2012, taken from 487 NALA member responses and 230 non-member responses, the hourly rate for paralegals in the Northeast region,[1] with 10-years of experience in 2012, was $123. (*Id.*)

The fourth factor is the amount involved and the results obtained. In this case, the judgment seeks an award totaling $887,349.47 plus interest to Plaintiff. (*Id.* at ¶ 31). The total fee amount sought is $10,423.00—only one percent of the total requested judgment. (*Id.*).

The fifth factor is the time limitations imposed by the client or by the circumstances. In this case, Plaintiff requested Polsinelli to handle this matter expeditiously and efficiently, and pursuant to that request, Plaintiff's counsel has made the case a priority. (*Id.* at ¶ 32). The nature and length of the professional relationship with the client also supports the sixth factor in warranting the award of attorneys' fees and costs. (*Id.* at ¶ 33).

The reputation and ability of the lawyer or lawyers performing the service encompasses the seventh factor. Here, the team of attorneys and paralegals at Polsinelli handling collection matters has extensive experience. (*Id.* at ¶ 34). Finally, with respect to the final factor, the fee is fixed in that it is not contingent. (*Id.* at ¶ 35).

---

[1] This region includes New York, New Jersey, Connecticut, Maine, Massachusetts, Maryland, New Hampshire, Pennsylvania and Rhode Island. (Nagi Decl., **Ex. D** at p. 4.)

For the aforementioned reasons, Plaintiff should be entitled to attorneys' fees in the amount of $10,423.00 and costs in the amount of $545.43.

## CONCLUSION

Petitioner hereby respectfully requests that this Court enter an order as follows:

(i) confirming the Award against Respondent Bunevacz;

(ii) entering judgment in favor of MPOWERD in conformity with the Award as follows:

   (a) $429,498.00 with simple interest at the New York statutory rate of 9% per annum accruing on any portion of that sum unpaid as of February 21, 2016;

   (b) $17,479.00 as attorneys' fees and expenses at the New York statutory rate of 9% per annum accruing on any portion of that sum unpaid as of June 2, 2016;

   (c) $286,817.00 as reasonable costs incurred by Petitioner in defending the California action with simple interest at the New York statutory rate of 9% per annum accruing on any portion of that sum unpaid as of June 2, 2015;

   (d) $90,438.00 for reasonable attorneys' fees with simple interest at the New York statutory rate of 9% per annum accruing on any portion of that sum unpaid as of June 2, 2016;

   (e) $53,117.47 for administrative fees, expenses and compensation of the International Center for Dispute Resolution and the Arbitrator previously incurred by Petitioner accruing at the rate of 9% per annum as of May 17, 2016; and

   (f) Respondent is responsible for paying the International Centre for Dispute Resolution, totaling $17,600.00, and the compensation and expenses of the Arbitrator, totaling $50,508.94;.

(iii) awarding costs and attorney's fees associated with bringing this petition; and

7

(iv) awarding such other and further relief as the court deems just and proper.

Dated:  New York, New York
August 12, 2016

POLSINELLI PC

By:  */s/ Jason A. Nagi*
Jason A. Nagi
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
jnagi@polsinelli.com